# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Martinsburg

**RASHIAD DAYSHAWN ROBINSON**,

    Petitioner,

v.                                             **Criminal No. 3:11-CR-12**
                                                    **Civil Action NO. 3:12-CV-71**

**UNITED STATES OF AMERICA**,                Judge Bailey

    Respondent.

## ORDER GRANTING RELIEF UNDER 28 U.S.C. § 2255

Pending before this Court is petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Crim. Doc. 49 / Civ. Doc. 1), as well as the Government's Response of the United States to Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 70).

The petitioner was indicted on March 15, 2011, in a two count, single defendant indictment. On June 30, 2011, the petitioner entered a plea of guilty to distribution of 26.1 grams of cocaine base. The plea agreement contained no stipulation as to relevant conduct. In the presentence investigation report, the Government took the position that the relevant conduct was 156.2 grams of cocaine base, which was accepted by the probation officer. The probation officer also determined that the petitioner was a career offender based upon two prior felonies, a 1993 conviction for attempted second degree murder and a 2002 conviction for attempted first degree reckless endangerment.

The petitioner objected to the calculation of relevant conduct, but this Court made

1

no ruling on the objection, finding that the career offender determination made the relevant conduct calculation irrelevant. This Court sentenced the defendant to 151 months imprisonment.

In his Motion, the petitioner contends that the conviction for attempted first degree reckless endangerment is not a proper predicate for the career offender finding, citing **United States v. Gray**, 535 F.3d 128 (2d Cir. 2008). In **Gray**, the Second Circuit held that a prior conviction for reckless endangerment was not a "crime of violence" and accordingly not a predicate offense for a career offender enhancement. The Second Circuit reasoned that the offense did not involve intentional or purposeful conduct.

This holding is consistent with decisions from other Circuits, including **United States v. Baker**, 559 F.3d 443, 452 (6th Cir. 2009) (holding that Tennessee's reckless endangerment statute is not a crime of violence); **United States v. Smith**, 544 F.3d 781 (7th Cir. 2008) ("those crimes with a *mens rea* of negligence or recklessness do not trigger the enhanced penalties mandated by the ACCA"); and **United States v. Herrick,** 545 F.3d 53, 60 (1st Cir. 2008) (holding that vehicular homicide involving criminal negligence is not a crime of violence). *See* **United States v. Roseboro**, 551 F.3d 226 (4th Cir. 2009).

Based upon the foregoing, this Court agrees with the petitioner that he was improperly sentenced as a career offender. Therefore, the petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Crim. Doc. 49 / Civ. Doc. 1)** is hereby **GRANTED** and the Motion to Dismiss and Response of the United States **(Doc. 70)** is **DENIED**. Accordingly, this Court will **VACATE** the petitioner's sentence and **DIRECTS** that the petitioner be returned to the Northern

District of West Virginia for resentencing. This Court will set the resentencing at a date and time to be determined.

It is so **ORDERED**.

The Clerk is directed to transmit a certified copy of this Order to the defendant and to transmit copies to all counsel of record and the USPO.

**DATED**: February 14, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE